UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION



FILED
SEP 30 2013
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

DONALD MILTON BOYSAW,
    Plaintiff,

vs.

CHARLES E. SAMUELS, JR., in his individual
capacity and in his official capacity as
Director of Federal Bureau of Prisons;
C. EICHENLAUB, in his individual capacity
and in his official capacity as
Mid-Atlantic Regional Director for the
Federal Bureau of Prisons; J. ZIEGLER, in
his individual capacity and in his official
capacity as Warden at the Federal Prison
Camp in Beckley, West Virginia; DR. A. CARD
in her individual capacity and in her
official capacity as Chief of Psychology
and Director of Residential Drug Abuse
Treatment Program (RDAP) at FCI Beckley;
Dr. K. McDANIEL, in her individual capacity
and in her official capacity as Drug Abuse
Program Coordinator (DAPC) at FPC Beckley,
    Defendants

No. 5:13-24019

COMPLAINT FOR DAMAGES
(JURY DEMANDED)

## I. Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. ßßß 1331, 1346(a), 1346(b); 18 U.S.C. 1964(a), 1964(b); the Eighth Amendment to the United States Constitution, and the Federal Tort Claims Act.

2. On February 20, 2013, plaintiff submitted an Administrative Claim on Form "OMB No. 1105-0008, Claim for Damage, Inquiry, or Death, to the United States Federal Bureau of Prisons, Department of Justice. This claim was denied on April 5, 2013.

## II. PARTIES

3. Plaintiff is a federal inmate currently domiciled at FPC Beckley, located in Beaver, West Virginia.

4. Defendant United States of America is sued under the Federal Tort Claims Act for negligence in its duty to require employees of the Federal Bureau of Prisons to provide a safe, secure environment for the inmates at FPC Beckley.

5. Defendant Charles E. Samuels Jr., was at all relevant times, an employee and officer of the United States Federal Bureau of Prisons, Department of Justice, an agency of the United States of America. This defendant is sued in his individual capacity.

6. Defendant C. Eichenlaub, was at all relevant times, an employee and officer of the United States Federal Bureau of Prisons, Department of Justice, an agency of the United States of America. This defendant is sued in his individual capacity.

7. Defendant J. Ziegler, was at all relevant times, an employee and officer of the United States Federal Bureau of Prisons, Department of Justice, an agency of the United States of America. This defendant is sued in his individual capacity.

8. Defendant Dr. A. Card, was at all relevant times, an employee and officer of the United States Federal Bureau of Prisons, Department of Justice, an agency of the United States of America. This defendant is sued in her individual capacity.

9. Defendant Dr. K. McDaniel, was at all relevant times, an employee and officer of the United States Federal Bureau of Prisons, Department of Justice, an

agency of the United States of America. This defendant is sued in her individual capacity.

### III. FACTS

10. The Plaintiff, a 66 year old chronic care inmate, who has been diagnosed as a diabetic, with heart disease, hypertension, and degenerative back problems, on January 8, 2013 was sitting in the "t.v" room located in Evergreen Housing Unit at FPC Beckley, when, without provocation or warning, was savagely and brutally beaten by predatory inmate Paul Laughton.

11. As the brutal attack ensued, the plaintiff was repeatedly kicked and stomped over his entire body, eventually breaking his ankle. The attack ended after the plaintiff was rendered completely defenseless and bleeding on the t.v room floor. The attack lasted approximately 10 excruciating minutes.

12. There are no safety cameras in the Evergreen Unit. There are also no panic buttons in the unit, and there are usually less than 2 correctional officers to monitor nearly 450 inmates.

13. The standard, promulgated inmate-to-officer-ratio that is designed to insure staff and inmate safety is 5 to 1. This "standard" is designated by the Federal Bureau of Prisons.

14. Inmate Paul Laughton, a 33 year old, 250 pound individual arrived at FPC Beckley to participate in "RDAP." Shortly after entering the "program," he was singled out by RDAP Staff, specifically defendants (Dr.'s) Card and McDaniel, as exhibiting overtly agressive, bullying behavior towards his fellow program participants and towards staff. In order to protect RDAP Staff and RDAP inmates, inmate Laughton was expelled from RDAP and transferred to the Eveergreen Housing Unit, the unit where the plaintiff was attacked. There was no Intervention of any help nor any change of security for this inmates violent behavior other than a transfer to a non RDAP unit.

15. Simultaneously, after inmate Laughton was expelled from RDAP, he was also being sanctioned by Case Manager Leslie in the institution kitchen for the same threatening, aggressive, bullying behavior that had been observed and documented by RDAP Staff.

## IV. CONSTITUTIONAL CLAIMS (BIVENS)

16. The actions of Officers, Charles E. Samuels, C. Eichenlaub, and J. Ziegler as set forth in paragraphs 10-13 violated plaintiff's Eighth Amendment right to be free of the deliberately indifferent action and attitudes of prison officials, acting in concert, that allows a prison environment to de-evolve into harmful, predatory existence, by deliberately allowing gross under staffing.

17. The actions of Officers, Dr. Card, and Dr. McDaniel, set forth in paragraphs 10-11, 14-15 violated the plaintiff's right to be free from harm and brutality in a prison environment as guaranteed by the Eighth Amendment. The officers were deliberately indifferent to the documented likelihood that inmate Laughton would attack an inmate or staff.

## V. PRAYER FOR RELIEF

A. On the claims stated in paragraphs 10-13, the plaintiff asks the court to enter judgement against defendant United States of America in the amount of $ 225,000.00 (two hundred, twenty-five thousand dollars), pursuant to the Federal Tort Claims Act.

B. Or the claims stated in paragraphs 10-17, the plaintiff asks the Court to enter judgement against defendants, Samuels, Eichenlaub, Ziegler, Card and McDaniel for treble compensatory damages for conspiring to violate plaintiff's constitutional rights, pursuant to 18 U.S.C. 1964(a) and 1964(b).

C. On the claims stated in paragraphs 10-17, the plaintiff asks the Court to enter judgement against defendants, Samuels, Eichenlaub, Ziegler, Card, and McDaniel, pursuant to 28 U.S.C. 1331, for compensatory damages in the amount $ 250,000.00 (two hundred, fifty thousand dollars).

D. For the claims stated in paragraphs 10-17, the plaintiff asks the Court to hold defendants Samuels, Eichenlaub, Ziegler, Card, and McDaniel further liable for punitive damages, in the amount of $ 250,000.00 (two hundred fifty thousand dollars).

### VI. JURY DEMAND

Plaintiff demands a jury trial of his Constitutional claims.

Dated: 9-27-13

Donald Milton Boysaw
Reg. No. 10155-084
FPC Beckley
P.O. Box 350
Beaver, WV 25813

⇔ 10155-084 ⇔
Federal Court
110 Heber Street CUT OFF
Beckley, WV 25801
United States