## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **DONALD MILTON BOYSAW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 5:13-cv-24019** |
| | ) |
| **CHARLES E. SAMUELS, JR.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Plaintiff's Motion for Default Judgment Against K. McDaniel (Document No. 27.); (2) Plaintiff's Motion for Default Judgment Against J. Ziegler (Document No. 28.); (3) Plaintiff's Motion for Default Judgment Against C. Eichenlaub (Document No. 29.); (4) Plaintiff's Motion for Default Judgment Against A. Card (Document No. 30.), and (5) Plaintiff's Motion for Default Judgment Against Charles E. Samuels, Jr. (Document No. 31.). Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Plaintiff's above Motions.

### PROCEDURAL BACKGROUND

On September 30, 2013, Plaintiff, acting *pro se*[1] and incarcerated at FPC Beckley, located in Beaver, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 2.) Plaintiff names the following as Defendants: (1) United States of America; (2) Charles E. Samuels, Jr.; (3) C. Eichenlaub; (4) J. Ziegler; (5) Dr. A. Card; and (6) Dr. K. McDaniel. (Id., p. 2.) Plaintiff alleges that he is "a 66 year old chronic care inmate" and "on January 8, 2013, was sitting in the t.v. room located in Evergreen Housing Unit at FPC Beckley, when without provocation or warning, was savagely and brutally beaten by predatory inmate Paul Laughton." (Id., p. 3.) Plaintiff explains that "[a]s the brutal attack ensued, the plaintiff was repeatedly kicked and stomped over his entire body, eventually breaking his ankle." (Id.) Plaintiff states that the "attack ended after [he] was rendered completely defenseless and bleeding on the t.v. room floor." (Id.) Plaintiff claims that the "attack lasted approximately 10 excruciating minutes." (Id.) Plaintiff complains that there are no safety cameras or panic buttons in the Evergreen Unit and "there are usually less than 2 correctional officers to monitor nearly 450 inmates." (Id.) Plaintiff asserts that the FPC Beckley does not meet the "standard, promulgated inmate-to-officer ratio that is designated to insure staff and inmate safety of 5 to 1." (Id.) Plaintiff contends that prison officials were aware that Inmate Laughton posed a danger to fellow inmates. (Id.) Plaintiff explains that Paul Laughton was "singled out by RDAP Staff, specifically Defendants Card and McDaniel, as exhibiting overtly aggressive, bullying behavior towards his fellow program participants and towards staff." (Id.) Plaintiff alleges that "[i]n order to protect RDAP Staff and RDAP inmates, inmate Laughton was expelled from RDAP and transferred to the Evergreen Housing Unit, the unit where the plaintiff was attacked." (Id.) Plaintiff complains that "[t]here was no intervention of any help nor any change of security for this inmate's violent behavior other than a transfer to a non-RDAP unit." (Id.) Plaintiff further notes that "after inmate Laughton was expelled from RDAP, he was also being sanctioned by Case Manager Leslie in the institution kitchen for the same threatening, aggressive, bullying behavior that had been observed and documented by RDAP

2

staff." (Id., p. 4.) Based on the foregoing, Plaintiff alleges Defendants Samuels, Eichenlaub, Ziegler, Card, and McDaniel violated his rights under the Eighth Amendment. (Id., pp. 2 - 4.) Plaintiff further contends that the United States was negligent "in its duty to require employees of the Federal Bureau of Prisons to provide a safe, secure environment for the inmates at FPC Beckley." (Id.) As relief, Plaintiff requests monetary damages. (Id., pp. 4 - 5.)

By Order entered on November 21, 2013, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to "issue process upon receipt of Plaintiff's initial partial payment of the filing fee." (Document No. 9.) Plaintiff paid his partial payment of the filing fee on December 16, 2013 and the Clerk issued process upon Defendants. (Document Nos. 12 and 13.)

On February 11, 2014, Defendants filed a "Motion for Enlargement of Time" requesting that the Court grant it an extension of time, "to and including March 19, 2014, in which Defendants must answer or otherwise respond to Plaintiff's Complaint." (Document No. 24.) In support of the Motion, Defendants stated "that representation authority has still not been obtained for the named Defendants." (Id.) On February 18, 2014, Plaintiff filed his "Opposition to Defendants' Motion for Enlargement of Time." (Document No. 25.) Plaintiff first argued that "defendants have been aware of the pending litigation against them for more than 12 months, given the filing of the original tort claim, on February 28, 2013[2]." (Id.) Plaintiff further contended that "defendants have had 60 days to procure representation and to prepare an answer to plaintiff's complaint." (Id.) By Order entered on February 20, 2014, the undersigned determined that Plaintiff's above objections were without merit and granted Defendants' Motion for Enlargement of Time. (Document No. 26.) Defendants

---

[2] Plaintiff's Complaint was filed on September 30, 2013. (Document No. 2.)

3

were ordered to file their Answer or other responsive pleadings by March 19, 2014. (Id.)

## DISCUSSION

Plaintiff requests that the District Court enter default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure "on the grounds that Defendants have not followed time limits as required under the Federal Rules of Civil Procedure." (Document Nos. 27 - 31.) Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." After reviewing all of the pleading and filings in this case, the undersigned finds that Defendants did not default by failing to respond to Plaintiff's Complaint. The record reflects that the Court granted Defendants' Motion for Enlargement of Time on February 20, 2014. (Document No. 26.) Thus, Defendants are not required to file their Answer or other responsive pleadings until March 19, 2014. (Id.) Accordingly, the undersigned recommends that Plaintiff's Motions for Default Judgment (Document Nos. 27- 31.) be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Default Judgment Against K. McDaniel (Document No. 27.), **DENY** Plaintiff's Motion for Default Judgment Against J. Ziegler (Document No. 28.), **DENY** Plaintiff's Motion for Default Judgment Against C. Eichenlaub (Document No. 29.), **DENY** Plaintiff's Motion for Default Judgment Against A. Card (Document No. 30.), **DENY** Plaintiff's Motion for Default Judgment Against Charles E. Samuels, Jr. (Document No. 31.), and **REFER** the matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 25, 2014.

R. Clarke VanDervort
United States Magistrate Judge