### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DONALD MILTON BOYSAW,

    Plaintiff,

v.             CIVIL ACTION NO.   5:13-cv-24019

CHARLES E. SAMUELS, JR., et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

  The Court has reviewed the Plaintiff's motions for default judgment against the Defendants, specifically the *Request to Enter Default of K. McDaniel* (Document 27), *Request to Enter Default of J. Ziegler* (Document 28), *Request to Enter Default of C. Eichenlaub* (Document 29), *Request to Enter Default of A. Card* (Document 30), and *Request to Enter Default of Charles E. Samuels* (Document 31), together with the entirety of the record.  By Standing Order (Document 3) entered on April 8, 2013, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

  On February 25, 2014, the Magistrate Judge submitted his *Proposed Findings and Recommendation* (PF&R), wherein he recommended that the Court deny the Plaintiff's motions for default judgment, and refer the matter back to the Magistrate Judge for further proceedings. (Document 32.)  On March 13, 2014, the Plaintiff timely filed his *Objection to Findings and Recommendation of Magistrate Judge* (Document 51).   After thorough review and consideration,

the Court finds, for the reasons stated herein, that the Plaintiff's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

## I. FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge VanDervort's PF&R sets forth in great detail the Plaintiff's previous and current motions. The Court incorporates by reference the facts and procedural history contained in the PF&R. To provide context for the ruling herein, the Court provides the following summary.

The Plaintiff, an inmate at FPC Beckley and acting *pro se,* filed his *Complaint* on September 30, 2013, claiming entitlement to relief pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). (Document 2.) The Plaintiff names the following as Defendants: (1) United States of America; (2) Charles E. Samuels, Jr., Director of Federal Bureau of Prisons; (3) C. Eichenlaub, Mid-Atlantic Regional Director for the Federal Bureau of Prisons; (4) J. Ziegler, Warden; (5) Dr. A. Card, Chief of Psychology and Director of Residential Drug Abuse Treatment Program; and (6) Dr. K. McDaniel, Drug Abuse Program Coordinator.[1] (Compl. ¶¶ 4-9.)

The Plaintiff alleges that he was victim to an assault by a fellow FPC Beckley inmate on the morning of January 8, 2013. (Compl. ¶ 10.) The Plaintiff claims that for approximately ten minutes, he was "savagely and brutally [sic] beaten" by a fellow inmate in the television room of the Evergreen Housing Unit at FPC Beckley. (Compl. ¶¶ 10-11.) The Plaintiff reports that he suffered multiple physical injuries from the attack, including a broken ankle.[2] (Compl. ¶ 11.)

---

[1] With the exception of the United States of America, the Defendants are sued in both their official and individual capacities. (*See* Compl..)
[2] The record shows that the Plaintiff suffered a contusion and abrasion to his face and a

2

In his Complaint, the Plaintiff claims that the Defendants violated his rights under the Eighth Amendment, specifically his "right to be free of the deliberately indifferent action and attitudes of prison officials, acting in concert, that allows a prison environment to de-evolve into harmful, predatory existence," and his "right to be free from harm and brutality." (Compl. ¶¶ 16-17.) The Plaintiff claims that Defendants Samuels, Eichenlaub, and Ziegler "deliberately allow[ed] gross understaffing" of the Evergreen Housing Unit at FPC Beckley, where the Plaintiff was attacked. (Compl. ¶ 16.) In support, the Plaintiff alleges that there are no safety cameras or panic buttons in the Evergreen Unit, and that "less than 2 correctional officers . . . monitor nearly 450 inmates." (Compl. ¶ 12.) The Plaintiff also claims that Defendants Card and McDaniel were "deliberately indifferent to the documented likelihood" that the Plaintiff's attacker would commit a violent crime. (Compl. ¶ 17.) The Plaintiff argues that his attacker was expelled from the prison's drug treatment program for "exhibiting overtly agressive [sic], bullying behavior" towards fellow inmates and staff. (Compl. ¶ 14.) The Plaintiff also claims that his attacker was sanctioned by the case manager for the prison's kitchen "for the same threatening, aggressive, bullying behavior that had been observed and documented" by the drug treatment program staff. (Compl. ¶ 15.) The Plaintiff argues that the Defendants should have taken steps to intervene, change the security, or take precautionary measures against the inmate's violent behavior. (Compl. ¶¶ 14, 17.) As a result, the Plaintiff requests a jury trial and various monetary damages. (Compl. at 4-5.)

On February 11, 2014, the Defendants filed their *Motion for Enlargement of Time* to answer the Plaintiff's Complaint. (Document 24.) The Defendants requested an extension of

---

fracture to his left ankle from the incident on January 8, 2013. (Document 37-1 at 3, 23, 32.)

time to file their Answer until March 19, 2014, because a determination regarding "representation authority ha[d] still not been obtained." (*Id.* at 1.) The Plaintiff filed his *Opposition to Defendants' Motion for Enlargement of Time* on February 18, 2014. (Document 25.) In an *Order* (Document 26) dated February 20, 2014, Magistrate Judge VanDervort granted the Defendants' motion, allowing them until March 19, 2014, to respond to the Plaintiff's Complaint.

On February 24, 2014, the Plaintiff filed motions for default judgment against all of the Defendants except the United States. (Documents 27-31.) His motions are based on Federal Rule of Civil Procedure 55, which allows for an entry of default judgment if the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the claims against him. Fed. R. Civ. P. 55(a). The Plaintiff claims that the Defendants have failed to timely respond to his Complaint. (Documents 27-31.) The Plaintiff attached a personal affidavit and the docket entry showing execution of summons to each motion. (*Id.*)

On February 25, 2014, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendations, wherein he denied the Plaintiff's motions for default judgment because the Defendants were granted an extension of time until March 19, 2014, to answer the Plaintiff's Complaint. (Document 32.) On March 13, 2014, the Plaintiff timely filed his objections to the Magistrate Judge's PF&R. (Document 36.) The Plaintiff objects on the basis that the extension of time should not have been granted, and thus, the Defendants were required to respond within sixty days of service.[3] (*Id.*)

On March 17, 2014, the Defendants filed *Defendants' Motion to Dismiss* (Document 37) and memorandum of law in support (Document 38). The Plaintiff has been advised of his right to

---

[3] The Court notes that the Plaintiff seems to have misread the record regarding when service on the Defendants occurred.

file a response to the pending motion to dismiss by April 18, 2014. (Document 39.)

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that the Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. DISCUSSION

Magistrate Judge VanDervort recommends denial of the Plaintiff's motions for default judgment because, when Plaintiff's motions were filed, the Defendants still had time to answer the Plaintiff's complaint. (PF&R at 4.) Under Federal Rule of Civil Procedure 12, "[a] United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint . . . within 60 days after service . . . ." F. R. Civ. P. 12(a)(3). However, the Federal Rules of Civil Procedure also state that "the court may, for good cause, extend the time" by which an act, such as answering a complaint, must be done. F. R. Civ. P. 6(b)(1). The district court "may reconsider

any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).[4]

Here, the Defendants received service between December 18, 2013, and December 24, 2013. (Documents 14-20.) On February 11, 2014, before the Defendants were required to answer, they filed a timely and proper motion for extension of time. (Document 24.) The Magistrate Judge, after considering the Defendants' motion and the Plaintiff's objection, found that the Defendants had shown good cause to justify an extension of time, and granted them until March 19, 2014, to respond to the Plaintiff's complaint. (Document 26.) In the Plaintiff's objections, he challenges the Magistrate Judge's finding of good cause because the Defendants have the right to represent themselves, and are represented by the U.S. Attorney's Office in the motion for extension of time. (Document 36 at 2-3.) The Court finds that the Magistrate Judge's finding of good cause and subsequent order granting the Defendants an extension of time to respond is not clearly erroneous nor contrary to any law.

Therefore, the Plaintiff's motions for default judgment filed on February 24, 2014, must be denied as the Defendants still had until March 19, 2014, to respond to the Plaintiff's complaint. After the Plaintiff filed his objections, the Defendants filed a motion to dismiss on March 17, 2014, in compliance with the Magistrate Judge's order. Accordingly, the Court finds that the Petitioner's objections should be overruled and the Magistrate Judge's PF&R should be adopted in

---

[4] Magistrate judges can "determine any pretrial matter," which the district court reviews under the clearly erroneous standard. 28 U.S.C. § 636(b)(1)(A). Matters referred to the magistrate judge for proposed findings of fact and recommendations are reviewed by the district court de novo. 28 U.S.C. § 636(b)(1)(C). Thus, the Court considers the PF&R de novo, but considers the order granting an extension of time under the clearly erroneous standard.

full. This matter shall be referred back to the Magistrate Judge for consideration of the Defendants' motion to dismiss.

## IV. CONCLUSION

Based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 32) be **ADOPTED** and that Plaintiff's objections to the PF&R (Document 36) be **OVERRULED**. Furthermore, the Court **ORDERS** that the Plaintiff's Request to Enter Default of K. McDaniel (Document 27) be **DENIED**, Request to Enter Default of J. Ziegler (Document 28) be **DENIED**, Request to Enter Default of C. Eichenlaub (Document 29) be **DENIED**, Request to Enter Default of A. Card (Document 30) be **DENIED**, Request to Enter Default of Charles E. Samuels (Document 31) be **DENIED**, and that this matter be **REFERRED** back to Magistrate Judge VanDervort for further proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 4, 2014

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA